## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FIRST CUT PRODUCE, INC., an** | ) | |
| **Illinois corporation** | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO: 07-0042-WS-C** |
| | ) | |
| **ALBERT EARL TURNER, in his** | ) | |
| **individual capacity and d/b/a** | ) | |
| **TURNER PRODUCE** | ) | |
|     **Defendant.** | ) | |

## TEMPORARY RESTRAINING ORDER

The application of plaintiff First Cut Produce, Inc. ("First Cut" or "Plaintiff") for

the issuance of a Temporary Restraining Order ("TRO") under Federal Rule of Civil

Procedure 65(b) (Doc. 2) came before this Court and the undersigned for hearing on

January 18, 2007 at 2:00 p.m. The affidavit of First Cut's counsel, (Doc. 11), confirms

that the defendant received actual notice of the hearing, and the Court so finds. The Court

further finds that the defendant, who did not appear at the hearing in person or by counsel,

voluntarily elected not to appear.

The Court has considered the application, the affidavit of First Cut's president,

First Cut's invoices to the defendant, and all related moving papers, as well as the

statements of counsel at the hearing. The evidence presented establishes a reasonable

likelihood of success on the merits of First Cut's claim under the Perishable Agricultural

Commodities Act ("PACA"), 7 U.S.C. §§ 499a et seq. In particular, there is a reasonable

likelihood that the defendant is a "dealer" as defined in Section 499a(b)(6); that the

Dockets.Justia.com

plaintiff sold the defendant "perishable agricultural commodities" as defined in Section 499a(b)(4); that the plaintiff has not received the full amount owing, with the outstanding balance $142,434.13 as of January 10, 2007; that the plaintiff is a "licensee" as provided in Section 499c; and that the plaintiff provided the defendant the statutory notice required by Section 499e(c)(4).

The Court further finds that First Cut will suffer irreparable harm if the requested TRO is not granted; that the threatened injury to First Cut outweighs the harm to the defendant if the requested TRO is granted; and that the public interest will not be adversely affected by entry of the requested TRO.  Accordingly, the Court concludes that the application for TRO is due to be, and it hereby is, **granted**.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1.   Defendant, Albert Earl Turner in his individual capacity and d/b/a Turner Produce ("Defendant") and his respective agents, officers, employees, assigns, and any of their banking institutions must not pay, withdraw, transfer, assign or sell any existing PACA trust assets to any creditors, persons or entities, until further order of this Court or until Defendant pays Plaintiff the sum of $142,434.13.

2.   Pending further order of this Court or until such time as Defendant pays Plaintiff the sum of $142,434.13, no banking institution or government agency holding funds for Defendant shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendant.  Also,  pending further order of this Court or until such time as Defendant pays Plaintiff the sum of $142,434.13, no banking institution

or government agency holding funds for Defendant shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of Defendant without the express written approval of this Court having first been obtained.

3.  The Defendant is **ordered** to file and serve, on or before **January 29, 2007**, a listing of all business and personal assets (including without limitation realty, vehicles, equipment, bank and other financial accounts, inventory,  and accounts receivable), including for each its date of acquisition (before or after the Defendant's first sale of produce received from the Plaintiff in September 2006) and the source of funds used to acquire the asset (including the identity of any bank or other financial account from which funds were drawn to acquire the asset).  The Defendant is further **ordered** to file and serve, on or before **January 29, 2007**, a detailed statement tracing the proceeds from the Defendant's sale or other disposition of the produce received from the Plaintiff, including the identity of all bank or other financial accounts into which any part of the proceeds was placed and the date on which proceeds were first placed in the account.

4.  This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise.  In this regard, the Defendant shall serve a copy of this Order on all financial institutions, real estate buyers, title companies, and escrow agents, and any other persons or entities with which the Defendant does any business, may do any business with or who may be holding any assets for or on behalf of Defendant.

5.   No bond is set.

6.   A Preliminary Injunction Hearing is hereby set for **February 6, 2007** at **2:00 p.m.** in Courtroom 2-A of the U.S. Courthouse, 113 St. Joseph St., Mobile, AL  36602.

7. First Cut, through its Counsel, shall serve a true and correct copy of this Order on the defendant or his respective counsel, if known.  First Cut shall perfect service of process forthwith.

DONE and ORDERED this 18th day of January, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE